
SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60616-CIV-COHN/WHITE

JOSEPH STEFFEN,

    Petitioner,

v.

JAMES R. McDONOUGH,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 24], submitted by United States Magistrate Judge Patrick A. White regarding Petitioner Joseph Steffen's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of armed burglary and grand theft entered on a jury verdict in Broward County Circuit Court case number 02-17536 CF 10A. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report and Recommendation, and Petitioner's Objections [DE 26], and is otherwise fully advised in the premises.

Mr. Steffen raises several objections to the Report and Recommendation, and the Court considers each objection in turn.

**1.**     **Deficient <u>Miranda</u> Warning**

In his first objection, Mr. Steffen argues that the Magistrate Judge misconstrued his Petition's first claim, and asserts that the real focus of the claim was the deficient <u>Miranda</u> warning that was given. In his discussion of this issue, the Magistrate Judge

noted that "[a]s defense counsel had conceded at the suppression hearing, no statement made by Steffen was introduced into evidence during the course of the trial." (Report and Recommendation, p. 9 [DE 24], *citing* [T. 269-449].) Petitioner points to the Magistrate Judge's discussion of Claim 6, arguing that it is inconsistent with this statement. In that discussion, the Magistrate Judge stated "Steffen has failed to show how impeaching Detective Keating with inconsistencies regarding where various stolen items were found in the bedroom would have caused the jury to acquit him, since it still would have heard testimony that Steffen provided the officers with information as to the location where the items he took from the boats could be found" (Report and Recommendation, p. 15 [DE 24].) Petitioner argues that this statement supports his contention that his statements were, in fact, introduced against him at trial. However, in this discussion of Claim Six, the Magistrate Judge was not discussing what had actually happened at trial, but rather what *would have happened* had Petitioner's attorney introduced the evidence from the depositions of the detectives that Petitioner was arguing should have been introduced. (See Petition, p. 7-M [DE 1].) The focus of Claim Six was that the detectives had provided inconsistent deposition testimony, including inconsistent references to statements made by Mr. Steffen, and that his attorney should have used those inconsistencies to impeach the detectives' testimony at trial. The Magistrate Judge, in making the statement complained of by Mr. Steffen, was merely analyzing what would have happened had counsel taken the steps Mr. Steffen believes he should have taken, not what had actually happened during the trial. The record in this case is clear: Mr. Steffen's statements were not introduced against him at trial, and so any deficiencies in the Miranda warnings are irrelevant.

2

Mr. Steffen also argues that even if his actual statements were not entered into evidence, they led law enforcement to the incriminating evidence that was entered into evidence. This assertion is belied by the record. The officers already had the consent of Mr. Steffen's girlfriend to enter and search the apartment before they spoke with him, and a thorough search of the apartment revealed the stolen items. The fact that Mr. Steffen may have provided the officers with the precise location of the items in the room that they were already searching is inconsequential–the search was legal because consent was obtained, and the items found during the search would not have been excluded on the basis of any deficiencies in any <u>Miranda</u> warning that was given to Mr. Steffen.

Considering all the arguments made by Mr. Steffen in his first objection, the Court concludes that he was not denied ineffective assistance of counsel, and the state court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law. Accordingly, the Court overrules Mr. Steffen's objection to the Report and Recommendation regarding same.

2.  **<u>Brady</u> Violation**

Mr. Steffen next objects to the Magistrate Judge's finding that the prosecution did not commit a <u>Brady</u> violation with respect to the missing search consent form. He argues generally that the prosecutor cannot "get around <u>Brady</u> by keeping himself in ignorance," but the record in this case provides no evidence that would indicate that the prosecutor either suppressed the missing consent form or intentionally kept himself in ignorance of other government officials' efforts to suppress it. Further, Mr. Steffen has never explained why the missing consent form would be exculpatory. Therefore, this

Court agrees with the Magistrate Judge that Mr. Steffen has not made even a threshold showing of a Brady violation in this case, and his counsel was not ineffective for failing to pursue this issue.

Mr. Steffen also objects to the Magistrate Judge's failure to address the missing lease agreement. He argues that had his counsel investigated the matter and demanded a copy of the lease agreement, he would have been able to introduce evidence that Ms. Rappetto, his girlfriend, was not on the lease of the residence. However, as the Magistrate Judge considered in his discussion of Claim 3, Mr. Steffen testified at the suppression hearing in related case number 02-17494[1] that the apartment belonged to Ms. Rapetto's employer, and that neither of their names appeared on the lease. (Report and Recommendation, p. 12 [DE24].) Thus, this very evidence, albeit in a different form, was introduced at the suppression hearing, and this Court agrees with the Magistrate Judge that Mr. Steffen can show no ineffective assistance of counsel based on failure to "demand" a copy of the lease agreement or assert a Brady violation based on the government's failure to make a copy of the lease agreement available to him. Accordingly, the Court finds that the trial court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

3.  **Suppression Hearing**

Mr. Steffen next objects to the Magistrate Judge's finding that he has failed to

---

[1] The trial judge in the case at issue in this proceeding took judicial notice of the suppression hearing held in case number 02-17494 in reaching his decision regarding the suppression issues.

show how different performance by counsel with respect to the suppression hearing could have changed the outcome of the proceedings. In the Report and Recommendation, the Magistrate Judge concluded that Mr. Steffen has made no showing that different performance by counsel at the suppression hearing would have changed the outcome of the proceeding, and noted that Steffen's own testimony demonstrated that he had no standing to contest the search.[2] Mr. Steffen claims that had counsel called several witnesses, among them Ms. Rappetto, he could have established that Ms. Rappetto did not give her consent to the search. However, as the government explains in its Response to the Petition, this issue was previously raised in Mr. Steffen's Florida Rule of Criminal Procedure 3.850 motion, which was denied by the trial court in large part because his proffer of Ms. Rappetto's testimony, without some supporting documentation, is simply insufficient. (Response, p. 11 [DE 13].)  Mr. Steffen has made no showing in the instant Petition that the state court, in addressing this issue, arrived at a conclusion that is contrary to, or involves an unreasonable application of, clearly established federal law. Thus, this Court agrees with the Magistrate Judge that Mr. Steffen has not made out a claim for ineffective assistance of counsel based on his counsel's failure to call these witnesses to testify at the suppression hearing. The state court's denial of this claim was not contrary to or

---

[2] The trial judge denied the motion to suppress on the basis of Mr. Steffen's lack of standing to challenge the search, as well as Ms. Rappetto's consent to the search, and the Magistrate Judge references both bases in the Report and Recommendation. However, because Mr. Steffen has not raised the standing issue in his Petition, and because the Court concludes that the issue of Ms. Rappetto's consent is dispositive as to his claim of ineffective assistance of counsel, this Court does not reach a conclusion as to whether or not Mr. Steffen had standing to challenge the search.

involved an unreasonable application of clearly established federal law.

### 4.     Barrett's Testimony

Mr. Steffen also objects to the Magistrate Judge's conclusion regarding the Williams rule evidence in the form of the testimony of Charles Barrett. Mr. Steffen argues that although his counsel did move in limine to exclude Barrett's testimony, the specific error complained of was never addressed. Mr. Steffen asserts that his allegation, rather, was that counsel should have moved to exclude any testimony of Barrett's home being "occupied," because this crime was not charged in the information. However, Mr. Steffen misconstrues the purpose for which the Barrett testimony was offered, and the basis on which it was accepted as admissible. Mr. Barrett testified to a similar crime committed in his home, which he interrupted, allowing him to positively identify Mr. Steffen as the perpetrator. The crimes committed in Mr. Barrett's home were not at issue in this trial; rather, Mr. Barrett's testimony was introduced for the purpose of disproving that Mr. Steffen's theory, that he had been misidentified through physical evidence, by showing evidence of a similar crime in the same neighborhood where he was positively identified by an eyewitness. Mr. Steffen was not being tried for the crimes on Mr. Barrett's property in this trial, and thus, any crimes committed on the Barrett property could not have been charged in the information. Mr. Barrett did indeed testify to a crime that was not charged in the information for this trial, but his testimony was nonetheless admissible because it was introduced for admissible purposes. Accordingly, this Court finds no ineffective assistance of counsel based on counsel's failure to raise this non-meritorious argument in his efforts to exclude the Barrett testimony. In addition, the Court finds that the state

court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

5.  **Photo Line-Up**

Mr. Steffen next objects to the Magistrate Judge's failure to address all of the specific grounds raised as to why the photo line-up was impermissibly suggestive. In Claim 5 of his Petition, Mr. Steffen alleges a variety of reasons why the photo line-up presented to Mr. Barrett was impermissibly suggestive, and argues that his counsel was ineffective for failing to object to the line-up. This Court agrees with the Magistrate Judge's analysis of the applicable legal standard used to determine if an out-of-court identification should be excluded, and concludes that in consideration of the proffered facts, no likelihood of irreparable misidentification was created by the photo line-up in this case. Furthermore, the Court notes that the record is replete with other evidence supporting Mr. Steffen's conviction in this matter, including his fingerprints on both of the burglarized boats and the presence of the stolen goods in the apartment where he was staying. Even if Mr. Barrett's out-of-court identification had been excluded, the Court cannot see how the absence of this relatively peripheral piece of evidence would have affected the outcome of the trial. In light of the overwhelming evidence that Mr. Steffen was the perpetrator of the burglaries, the Court can find no prejudice that would have been caused by counsel's failure to object to the introduction of this out-of-court identification. The state court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

7

### 6. Impeachment of Detective Keating

Mr. Steffen next objects to the Magistrate Judge's conclusion that he had failed to show how impeaching Detective Keating with inconsistent statements as to which law enforcement agency executed the search consent form and as to the location in the room of specific stolen merchandise would have changed the outcome of the trial. Mr. Steffen argues that this impeachment could have changed the outcome of the Motion to Suppress and could have been enough for the jury to find reasonable doubt. As to the missing search consent form, counsel did elicit testimony from the detective on cross examination that he did not know the whereabouts of the form, and then used that testimony to argue to the jury that this lapse called into question the veracity of the police officers' testimony. Thus, the Court can see no deficient performance on this point, as counsel did elicit and use the inconsistencies surrounding the search consent form during the trial. Furthermore, in his Objections, as in his original Petition, Mr. Steffen provides no explanation as to how eliciting inconsistent testimony regarding the precise location of certain stolen items within the room would have changed the outcome of the case—eliciting such testimony would simply have reinforced for the jury that the stolen items were found in Mr. Steffen's possession, and the Court can see no prejudice that resulted from counsel's failure to impeach Detective Keating on this issue. Accordingly, this Court agrees with the Magistrate Judge that Mr. Steffen fails to make out a claim for ineffective assistance of counsel as to his counsel's failure to impeach Detective Keating with these prior statements. The state court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

7.      **Vagueness of the Information**

Mr. Steffen next objects to the Magistrate Judge's finding that the information was not unduly vague, and that any attempt by counsel to move to dismiss it on these grounds would have been unsuccessful. In his Objections, Mr. Steffen simply reiterates his original argument that the information did not specify the precise items stolen. This Court agrees with the Magistrate Judge that the information in this case was not unduly vague, and was adequate to meet the applicable legal standards, and so any attempt by counsel to move to dismiss it on this ground would have been unsuccessful. Accordingly, Mr. Steffen can show no prejudice from counsel's failure to make such a motion, and he cannot make out a claim for ineffective assistance of counsel on this basis. The state court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

8.      **Jury Instructions**

Mr. Steffen next objects to the Magistrate Judge's finding as to the jury instructions, arguing that the Magistrate Judge did not consider the specific allegations made as to why the jury instructions were confusing or misleading under the facts of this case. The Magistrate Judge concluded, in the Report and Recommendation, that because the jury instruction challenged by Mr. Steffen was a portion of the Florida Standard Jury Instruction on theft, it was thus presumed to be correct. Mr. Steffen appears to argue, more specifically, that the use of this jury instruction was confusing in this case, because two counts of grand theft were charged, and that the jury instruction may have suggested to the jury that they could total the values of all property taken

from both of the victims to reach the threshold amount of $300 to establish grand theft. The testimony of the expert witness at trial, however, clearly established that the items stolen from each boat totaled more than $300.[3] This evidence, combined with the presumptive legality of the jury instruction, persuades this Court that Mr. Steffen's counsel was not ineffective in failing to object to the jury instruction, and that no prejudice resulted from any such failure. The state court's denial of this claim was neither contrary to or involved an unreasonable application of clearly established federal law.

9.  **Cumulative Effect**

Mr. Steffen next objects to the Magistrate Judge's conclusion that he was not denied ineffective assistance of counsel due to the cumulative effect of counsel's deficient performance. Finding no such deficient performance, this Court agrees with the Magistrate Judge's conclusion that no cumulative effect need be considered.

10. **Collateral Crimes Evidence**

Mr. Steffen next objects to the Magistrate Judge's conclusion that the admission of evidence of collateral crimes was allowed for appropriate purposes and did not abrogate the fundamental fairness of the trial. In support of this objection, Mr. Steffen simply makes the conclusory allegation that he is entitled to relief because this evidentiary ruling affected the fundamental fairness of the trial. As the Magistrate Judge correctly concluded, the evidence to which Mr. Steffen refers, the testimony of

---

[3] Indeed, the expert testified that the depreciated value of the stolen rods and reels alone was between $2,890 and $3,800. The value of the items stolen from both boats was measured in the thousands, not hundreds, of dollars.

Mr. Barrett, was properly admitted as relevant evidence establishing Mr. Steffen's identity as the perpetrator of the burglaries. Thus, this evidence did not abrogate the fundamental fairness of the trial, and this claim is without merit. Furthermore, no federal constitutional issue was argued in the state court appeal. Therefore, the issue was not exhausted, and Mr. Steffen is procedurally barred from asserting this claim.

**11.    Hearing**

Finally, Mr. Steffen objects to the Magistrate Judge's conclusion that a hearing is not warranted in this case. As discussed throughout the Report and Recommendation, as well as this Order, Mr. Steffen's various allegations are either directly contradicted by the record, or even if true, could not possibly have changed the outcome of the trial. Accordingly, this Court agrees that a hearing is not warranted in this matter.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 24] is **ADOPTED**.
2. Petitioner Joseph Steffen's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.
3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of March, 2008.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Joseph Steffen, pro se
DC #608825
Okaloosa Correctional Institution
3189 Little Silver Road
Crestview, FL  32539-6708